JS 44 (Rev. 12/11)   District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LUIS FERNANDO REYES

**DEFENDANTS**
Tempo Financial Holdings Corporation

**(b)** County of Residence of First Listed Plaintiff LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Arapahoe County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
          TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James A. Dumas, Dumas & Associates
3435 Wilshire Boulevard, Suite 990,
Los Angeles, CA 90010; Tel: 213-368-5000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [X] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities Employment
- [ ] 446 Amer. w/Disabilities Other
- [ ] 448 Education

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §1332(a)

Brief description of cause:  [ ] AP Docket
Plaintiff is seeking declaratory and injunctive relief.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes   [ ] No

DATE
06/27/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ James A. Dumas

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LUIS FERNANDO REYES,

       Plaintiff,

v.

TEMPO FINANCIAL HOLDINGS CORPORATION,

       Defendant.

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

## I. JURISDICTION AND VENUE

1. Plaintiff Luis Fernando Reyes is a resident of the Huntington Park, State of California.

2. Defendant Tempo Financial Holdings Corporation ("TFHC") is a corporation organized under and existing pursuant to the laws of the State of Delaware and having its principal place of business at 7935 E. Prentice Avenue, Suite 300w, Greenwood Village, CO 80111.

3. This action is being in this federal District Court in accordance with 28 U.S.C. §1332 (a). It concerns a controversy between citizens of different states concerning property having a value in excess of $75,000.

4. Venue is proper in the District of Colorado because defendant TFHC has its principal place of business in the within District and because most of the transactions and occurrences which are the subject of this action occurred in the District.

## II. FACTS COMMON TO ALL CLAIMS FOR RELIEF

5. Plaintiff is the holder of 500 Series A preferred shares and 500 shares of Series B preferred shares in TFHC (hereinafter "the preferred shares"). The certificates for these shares were issued to him in consideration for the aggregate payment of $15,000 over a period from August, 2008 (500 shares of Series A), October, 2008 (250 shares of Series B), to March, 2009 (250 shares of Series B). At the time of the issuance of the shares, plaintiff was an employee of

TFHC, working at the company's facility at Greenwood Village, Colorado. Plaintiff has at all times been in sole possession of the preferred share certificates.

6. On July 28, 2009, plaintiff borrowed $125,000 from TFHC and executed a promissory note. The promissory note was secured by a pledge agreement which identified certain collateral, including the preferred shares.

7. On August 31, 2010, plaintiff was terminated as an employee of TFHC. In September, 2010, TFHC notified plaintiff of an event of acceleration on the promissory note. On October 15, 2010, it brought suit against plaintiff and, among other things, sought a judgment on the promissory note and enforcement of its security interest in the preferred shares. Plaintiff filed a Cross-complaint asserting counterclaims.

8. On June 29, 2012, plaintiff and TFHC entered into a settlement with each other ("the Settlement Agreement") which provided, *inter alia,* that plaintiff would execute a new promissory note in the sums of $150,000 secured by a deed of trust on his residence in regard to which he would make periodic payments. The agreement further provided that the parties are mutually releasing each other with respect to all matters asserted in the litigation. A true and correct copy of the executed Settlement Agreement is attached hereto as Exhibit A and incorporated herein by reference.

9. Prior to entering into the Settlement Agreement, TFHC had provided plaintiff with a draft of the agreement which stated that Reyes would surrender his preferred stock. Plaintiff did not agree to this and the removal of this term from the Settlement Agreement was acknowledged in writing by counsel for TFHC.

10. Commencing in August, 2012, plaintiff began to make demands of TFHC for information that would make it possible for him to determine the value of his preferred shares. Initially, TFHC, through its counsel, responded by saying that plaintiff had forfeited his interest in all stock in the corporation by reason of his alleged violation of Stock Incentive Plan Option Grant Agreement. However, no notice of any such forfeiture had been provided and this agreement, by its terms, only concerned options that plaintiff had had to purchase common shares in TFHC. It did not govern his preferred shares for which he had paid cash and which had already been issued to him. In a letter dated September 20, 2012, counsel for TFHC then took the position that plaintiff's interest in the preferred shares "was applied against your loan balance two years ago when you defaulted on the promissory note and pledge agreement..." However, no notice of any such application to the loan balance had been provided "two years ago" or at any time and this contention is belied by the allegations of the Complaint that had been filed by TFHC on October 10, 2010, where no credit was shown for the value of the shares and where TFHC was seeking the right to foreclose on its collateral which remained in the physical possession of plaintiff. That such a foreclosure did not occur between the time of the filing of the lawsuit and the Settlement Agreement is further demonstrated by the fact that surrender of the shares was initially proposed

as a term of the Settlement Agreement and then, at the request of plaintiff, removed. Any right to foreclose was then forever barred by the release language of the Settlement Agreement.

11. On November 6, 2012, plaintiff made demand on TFHC for the right to inspect the books and records of the company in accordance with Chapter 1, Title 8, Section 220 of the Delaware Corporation Law in order to assess the value of his shares, to identify assured accredited investors and potential buyers for the shares, and to initiate an offering to such buyers. By a letter dated November 11, 2012, counsel for TFHC refused this demand on the grounds that plaintiff did not own any TFHC shares. A true and correct copy of plaintiff's demand of November 6, 2012 is attached hereto as Exhibit B.

12. During the period that the preferred shares were purchased the annual revenues of TFHC progressed from $100,000 to $1,000,000. Plaintiff is informed and believes that the annual revenues of TFHC now exceed $50,000,000. Based on this, plaintiff is further informed and believes that the value of the preferred shares now exceeds $75,000.

### III. CLAIM FOR DECLARATORY RELIEF

13. Plaintiff refers to the allegations in paragraphs 1 through 12 hereof and incorporates said allegations herein as if fully set forth hereat.

14. A controversy exists between plaintiff and TFHC as to whether plaintiff is still the holder of the preferred shares.

15. Plaintiff requests a declaration from the within Court adjudicating this controversy.

### IV. CLAIM FOR INJUNCTIVE RELIEF

16. Plaintiff refers to the allegations in paragraphs 1 through 12 hereof and incorporates said allegations herein as if fully set forth hereat.

17. Pursuant to the provisions of Chapter 1, Title 8, Section 220 of the Delaware Corporation Law plaintiff is entitled to inspect the books and records of TFHC in order to assess the value of his shares, to identify assured accredited investors and potential buyers for the shares, and to initiate an offering to such buyers.

18. Plaintiff is entitled to a preliminary and permanent injunction of this Court requiring TFHC to fully comply with plaintiff's demand of November 6, 2012.

Dated: June 27, 2013

> */s/ James A. Dumas*
> James A. Dumas
> DUMAS & ASSOCIATES
> 3435 Wilshire Blvd., Ste. 990
> Los Angeles, CA 90010
> Tel: (213) 368-5000
> Fax: (213) 368-5009
> Email: jdumas@dumas-law.com
>
>
> Counsel for plaintiff

# EXHIBIT "A"

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is entered into on June 29, 2012 by and among TEMPO FINANCIAL U.S. CORPORATION doing business as I-TRANSFER and TEMPO FINANCIAL HOLDINGS CORPORATION (collectively referred to as "Tempo") and LUIS REYES (referred to as "Reyes") and MIREYA OYARZABAL (referred to as "Oyarzabal"). Reyes and Oyarzabal shall be collectively referred to as the "Defendants".

## RECITALS

1.      Tempo is an international money transfer company that provides consumer-to-consumer money transfer services.

2.      This case arises out of an employment-relationship between Tempo and Defendant Luis Reyes from January 25, 2008 to August 31, 2010. Defendant Reyes held an executive position with Tempo as the Vice-President of Sales in the United States.

3.      Defendant Mireya Oyarzabal also worked for Tempo from August 1, 2008 to August 31, 2010, she is Defendant Reyes' wife, and was the New Accounts Manager for Tempo.

4.      On July 28, 2009, the Defendants borrowed one hundred and twenty-five thousand dollars ($125,000.00) from Tempo and executed a promissory note to that effect.

5.      The Defendants were terminated from Tempo on August 31, 2010.

6.      On October 22, 2010, Tempo brought suit against the Defendants for Breach of the Promissory Note, Foreclosure against the Security Interest of the Promissory Note, Breach of Fiduciary Duty owed to Tempo, and Unjust Enrichment.

7.      Tempo also brought suit against Reyes individually for breach of a Business Preservation Agreement, Breach of the Stock Incentive Plan Option Grant Agreement, Theft of Trade Secrets, Civil Theft, and Conversion.

8.      The Defendants asserted Counterclaims against Tempo for Promissory Estoppel, Breach of Contract, Intentional Infliction of Emotional Distress/Outrageous Conduct and Unjust Trust.

9.      The parties desire to resolve all disputes between them amicably.

THEREFORE, in consideration of the mutual promises set forth below and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1.      **Monetary Consideration.** The Defendants shall pay to Tempo the sum of one hundred and fifty thousand dollars ($150,000.00), payable as follows:

MO.

a.    The defendants are allowed to make payments.

b.    An initial payment of one thousand dollars ($1,000.00) will be due upon the signing of the Settlement Agreement.

c.    The first monthly payment of five hundred dollars ($500.00) is due on July 6, 2012

d.    Defendants will thereafter pay $500.00 a month on the first day of every month, EXCEPT that the Defendants will pay $2,500.00 on October 1, 2012, $2,500.00 on February 1, 2013, $5,000.00 July 1, 2013, $5,000.00 on July 1, 2014, $5,000.00 on July 1, 2015, and $5,000.00 on July 1, 2016.

e.    In addition, Defendants will pay a final balloon payment of the remaining balance due on July 1, 2017.

f.    Interest on the payment amount will not accrue UNLESS the Defendants default on the payment terms of the Settlement Agreement, in which case interest will accrue at 9% from the date of the execution of the original Promissory Note.

g.    There is no prepayment penalty; however a payment made for more than the amount due on a particular month does not excuse the next month's payment unless the balance is paid in full.

h.    Defendants shall make payments to:

Tempo Financial
c/o John Ness
7935 East Prentice Avenue, Suite 300 W
Greenwood Village, Colorado 80111

2.    **New Promissory Note.** Upon the signing of this Settlement Agreement, the Defendants will simultaneously execute a new promissory note for $150,000.00 which will be secured by their property located at 832 Diamond Ridge, Castle Rock, Colorado 80108; and return the fully executed promissory note to Tempos' counsel no later than noon on June 29, 2012.

Defendants affirm that the only encumbrance currently on the property is a Deed of Trust for $336,100.00 held by NationStar Mortgage Company. Defendants agree not to further encumber the Castle Rock property.

Defendants further agree to the filing of a lien on the property with the Douglas County Clerk.

3.    **Release by Tempo.** It is agreed by and among the parties hereto that in consideration of the payment to Tempo by the Defendants of the sum of $150,000.00, as described in paragraph 1 above, and other good and valuable consideration, Tempo does

{00916079 / 3}

MD.

hereby release, acquit and forever discharge the Defendants, individually and collectively, their agents, successors, assigns, heirs, executors and administrators, of and from any and all actions, causes of action, claims, demands, damages, costs, expenses and compensations which Tempo now has or may hereafter have on account of or arising out of those transactions described in the Complaint filed by Tempo in Case No. 2010 CV 3074, Douglas District Court, whether known or unknown, that occurred prior to the signing of this Release.

4.  **Release by Defendants.**  It is agreed by and among the parties hereto that in consideration of the dismissal of the claims of Tempo against the Defendants, as described in paragraphs 6 and 7 above, and other good and valuable consideration, the Defendants, individually and collectively, do hereby release, acquit and forever discharge Tempo, its agents, successors and assigns, of and from any and all actions, causes of action, claims, demands, damages, costs, expenses and compensations which the Defendants, individually and collectively, now have or may hereafter have on account of or arising out of those transactions described in the Complaint filed by Tempo and the Answer, Affirmative Defenses and Counterclaims filed by the Defendants in Case No. 2010 CV 3074, Douglas District Court, whether known or unknown, that occurred prior to the signing of this Release.

5.  **Dismissal of Litigation.**  Simultaneously with the filing of this Settlement Agreement and Promissory Note, Tempo shall cause Tempo Financial Corporation d/b/a I-Transfer and Tempo Financial Holdings Corporation v. Luis Reyes and Mireya Oyarzabal, Case No. 2010 CV 3074, Douglas District Court, to be dismissed by the Court, with prejudice, by filing a Stipulation for Dismissal with Prejudice.

6.  **Mutual Non-Disparagement.**  Tempo agrees that it will not, with any third person or entity, besmirch, disparage or comment adversely, whether truthfully or falsely, either orally or in writing, concerning any communications, transactions, or the business or personal relationships with the Defendants, individually or collectively. The Defendants, individually and collectively, agree that they will not, with any third person or entity, besmirch, disparage or comment adversely, whether truthfully or falsely, either orally or in writing, concerning any communications, transactions, or the business or personal relationships with Tempo. Each party agrees that in the event of a breach of this provision, damages would be difficult to measure. Therefore, in the event of a breach of this provision, any aggrieved party shall be entitled to recover monetary damages in the amount of $20,000.00 from the offending party as liquidated damages, and not as a penalty, in addition to injunctive relief. In the event of any violation of this provision, in addition to the liquidated damages and damages at law or in equity to which the aggrieved party may be entitled, the aggrieved party shall be entitled to an award of his costs, including reasonable attorneys' fees, incurred in the enforcement of this provision. This provision does not apply to testimony given pursuant to a court order or pursuant to a lawful request of a federal, state or local authority.

7.  **Confidentiality of Agreement.**  The parties and each of them agree that they will not, with any third person or entity, discuss the terms of this Agreement, whether

truthfully or falsely, without the prior written consent of all other parties. The preceding sentence shall not apply to truthful information supplied under court order or pursuant to the lawful request of federal, state or local authorities or to communications with the parties' spouses, attorneys or accountants.

8.     **Notice of Default.** In the event any party defaults in its obligations under the terms of this Agreement, notice of such default shall be given by registered or certified mail, return receipt requested, as follows:

> IF TO TEMPO:
> Tempo Financial
> c/o John Ness
> 7935 East Prentice Avenue, Suite 300 W
> Greenwood Village, Colorado.
>
> WITH A COPY TO:
> Scott L. Evans, Esq.
> Messner & Reeves, LLC
> 1430 Wynkoop Street, Suite 300
> Denver, CO 80202
>
> IF TO REYES:
> Luis Fernando Reyes
> 6070 Oak Street, Unit F
> Huntington Park, CA 90255
>
> WITH A COPY TO:
> Matthew K. Barringer
> The Law Offices of Matthew K. Barringer
> 400 South Colorado Boulevard, Suite 810
> Denver, CO 80246
>
> IF TO OYARZABAL:
> Mireya Oyarzabal
> 6070 Oak Street, Unit F
> Huntington Park, CA 90255
>
> WITH A COPY TO:
> Matthew K. Barringer
> The Law Offices of Matthew K. Barringer
> 400 South Colorado Boulevard, Suite 810
> Denver, CO 80246

In the event a default occurs in the performance of any provision of this Agreement, it is understood and agreed that prior to the exercise of any right or remedy given hereunder or otherwise, the non-defaulting party shall give the

{00916079 / 3}

4 of 6

MO.

defaulting party notice of the default as described above and ten (10) days within which to cure the default.

9. **Cooperation.** The parties, and each of them, agree that they and their agents shall perform such acts and execute and deliver such documents as may be reasonably required to effectuate the purposes of this Agreement.

10. **Integration.** The parties agree that any and all prior contracts or agreements between Tempo and the Defendants, oral, written or alleged, are hereby revoked and this Settlement Agreement constitutes the sole and entire agreement of the parties and may not be changed or modified except in writing executed by the party against whom any such change or modification is to be asserted. The parties acknowledge that no representations or inducements have been made to any party other than those set forth above.

11. **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Colorado. Moreover, in the event of a dispute arising from the performance of this Settlement Agreement, the parties consent to the jurisdiction of Colorado and agree that venue in Colorado is proper in Colorado.

12. **Counterparts.** This Agreement may be executed in counterparts, all of which shall have full force and effect.

13. **Waiver.** Any forbearance by any party of any right or remedy hereunder, or otherwise afforded by applicable law, shall not constitute a waiver of or preclude the exercise of any other right or remedy hereunder.

14. **Inurement.** The terms, conditions and covenants set forth in this Agreement shall be binding upon the parties, their successors, assigns, heirs, administrators and executors and shall inure to the benefit of the parties, their successors, assigns, heirs, administrators and executors.

15. **Severability.** If any term, covenant or condition of this Agreement is held to be invalid, illegal or unenforceable in any respect, by a court of competent jurisdiction, this Agreement shall be construed without such provision.

16. **Attorneys' Fees.** In the event any action arising out of the terms of this Agreement is commenced, any court of competent jurisdiction may award to the prevailing party all reasonable costs and expenses of the action, including reasonable attorneys' fees.

5 of 6
MO.

IN WITNESS WHEREOF, the parties have executed this Agreement the date and year set forth above.

TEMPO FINANCIAL U.S. CORPORATION INC.

By: _____
    Jon Ness, Chief Executive Officer

LUIS REYES, individually

_____

MIREYA OYARZABAL, individually

_____

{00916079 / 3}

6 of 6

MO.

# EXHIBIT "B"

# EXHIBIT "B"

Huntington Park, November 6, 2012

Corporation Service Company
2711 Centerville Rd Suite 400
Wilmington, DE 19808
Attention:  Registered Agent in c/o Tempo Financial Holdings Corporation

Tempo Financial Holdings Corporation
7935 E. Prentice Ave Suite 300W
Greenwood Village, CO 80111
Attention:  Jon Ness / CEO, Eduardo Castro / COO

ACP II TD LLC c/o Arsenal Capital Management LP
100 Park Avenue, 31st Floor
New York, New York 10017
Attention: Carty Y. K. Chock

ACP QP II TD LLC c/o Arsenal Capital Management LP
100 Park Avenue, 31st Floor
New York, New York 10017
Attention: Carty Y. K. Chock

ACP QP II-B TD LLC c/o Arsenal Capital Management LP
100 Park Avenue, 31st Floor
Attention: Carty Y. K. Chock

ACP Exec TD LLC c/o Arsenal Capital Management LP
100 Park Avenue, 31st Floor
New York, New York 10017
Attention: Carty Y. K. Chock

**Email:** *jness@itransfer.com; ecastro@itransfer.com; cchock@arsenalcapital.com*

**Re:**  Demand for Request for Inspection of Books and Records – According to Delaware Corporation Law
Chapter 1, Title 8, Section 220

Dear Mr. Ness, Mr. Castro & Mr. Chock,

I, Luis Reyes, with address of 6070 Oak Street Unit F, Huntington Park, CA 90255, am the beneficial
owner of one thousand (1,000) Preferred Stocks of the Series A Preferred Stock and Series B Convertible

Preferred Stock (the "Preferred Stocks") of Tempo Financial Holdings Corporation (the "Company") with certificates # 10, #15 and #23. True and correct copies of the Preferred Stock attesting to Luis Reyes' beneficial ownership attached hereto as Annex I.

Pursuant to Section 220 of the Delaware General Corporation Law and other applicable law, Luis Reyes as the owner of the above-mentioned Preferred Stocks hereby demands (the "Demand") the right, during the Company's usual business hours, to inspect the following books and records of the Company (the "Demand Materials") and to make copies and extracts the following documents dated from April 10, 2008:

(a) A complete record or list of the Company's stockholders, certified by the Company or its transfer agent, showing the names and addresses of each stockholder and the number of shares of Preferred Stock registered in the name of each such stockholder.

(b) A magnetic computer tape list, computer disk or other electronic media containing the information referred to in paragraph (a), together with the computer processing data necessary to make use of such information on electronic media and a hard copy printout of such information in order of descending balance for verification purposes.

(c) All daily transfer sheets showing changes in the names and addresses of the Company's Preferred Stockholders and/or in the number of shares of the Company's Preferred Stockholders which are in, or come into, the possession of the Company or its transfer agent, or which can reasonably be obtained from brokers, dealers, banks, clearing agencies or voting trustees or their nominees, from the date of the stockholder list referred to in paragraph (a).

(d) All information in or which comes into the Company's or its agents' possession, or which can be reasonably be obtained from nominees of any central certificate depository systems or their nominees, brokers, dealers, banks, respondent banks, clearing agencies or voting trustees or their nominees, concerning the names and addresses of, and the number of shares held by, the actual beneficial owners of the shares of Preferred Stock of the Company, including, without limitation, participating brokers, dealers, banks and other financial institutions which own shares of Preferred Stock of the Company for their own or their customers' account.

(e) A complete and correct copy of the bylaws and certificate of incorporation of the Company, as in effect now and as amended from time to time.

(f) Independent financial audits from April 10, 2008 through June 30, 2012 containing consolidated financial information from the Company.

(g) Independent financial audit or audits and/or internal financial audit or audits containing the Company's consolidated financial information from July 1, 2012 through October 31, 2012.

(h) Independent financial audit or audits and/or internal financial audit or audits containing the Company's consolidated financial projections from November 1, 2012 through December 31, 2012.

(i) Independent audit or audits and/or internal audit or audits containing the Company's consolidated financial projections for January 1, 2013 through March 31, 2013.

The purpose of this Demand is to:

(1) Assess an approximate value of the one thousand (1,000) Preferred Stocks belonging to Luis Reyes.

(2) Identify secured accredited investors and potential buyers for the one thousand (1,000) Preferred Stocks.

(3) Initiate an offering to the accredited investors and potential buyers for the one thousand (1,000) Preferred Stocks within the first three months of the year 2013.

Each item is requested to be complete and correct within five (5) business days after the date of this Demand.

Luis Reyes hereby designates himself, acting as his own agent, and to seek the production and conduct the inspection and copying, of the Demand Materials herein requested.

Please advise me via mail at 6070 Oak Street Unit F, Huntington Park, CA 90255 or by e-mail at luisferreyes05@hotmail.com as promptly as practicable as to the time and place that the Demand Materials will be made available in accordance with this Demand. Please also advise me immediately whether you voluntarily will supply the Demand Materials. In addition, if the Company believes that this Demand is incomplete or otherwise deficient in any respect, please contact me immediately so that I can promptly address any alleged deficiencies.

If you refuse to permit the inspection and copying demanded herein, or fail to reply to this demand, within five (5) business days from the date hereof, I will conclude that this Demand has been refused and I reserve the right to take appropriate steps to secure my rights to examine and copy the Demand Materials.

I, Luis Reyes, reserve the right to withdraw or modify this Demand at any time, and to make other demands to the Company whether pursuant to the DGCL, other applicable law, or the Company's certificate of incorporation or bylaws.

Sincerely,

Luis Reyes

### Verification

I, the undersigned, hereby depose and state under oath that:

1.  I am the am the beneficial owner of one thousand (1,000) Preferred Stocks of the Series A Preferred Stock and Series B Convertible Preferred Stock (the "Preferred Stocks") of Tempo Financial Holdings Corporation (the "Company") with certificates # 10, 15 and #23.  True and correct copies of the Preferred Stock attesting to Luis Reyes' beneficial ownership attached hereto as Annex I.
2.  The demand for books and records attached hereto made pursuant to Chapter 1, Title 8, Section 220 and the statement of purpose and other statements therein contained are true and correct to the best of my knowledge, information and belief.

I hereby verify under penalty of perjury that the foregoing statements made by me are true and correct.


_____

Luis Reyes


State of California      }

                         }

County of Los Angeles   }


      I, the undersigned, a Notary Public in and for the State of California, do hereby certify that Luis Reyes personally appeared before me, who being by me first duly sworn, does hereby depose and state under oath that he has read the foregoing demand and that the facts and statements therein contained are true and correct and that he acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument he executed the instrument.

      GIVEN under my hand and official seal of this office this _6_ day of November, 2012.


_____

Notary Public

JESUS HERNANDEZ BARRIOS
COMM #1876755
NOTARY PUBLIC•CALIFORNIA
LOS ANGELES COUNTY
My Comm Expires Jan 14, 2014

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

State of California  }  SS.
County of LOS ANGELES

On 11/06/12  Before Me  JESUS HERNANDEZ BARRIOS  , a Notary Public
Name of Notary Public

Personally Appeared  LUIS F. REYES
Name(s) of Signer(s)

[X]  Proved to me on the basis of satisfactory evidence

To be the person(s) whose name(s) is are subscribed to the within instrument and acknowledged to me that he / she / they executed the same in his / her / their authorized capacity(ies) and that by his / her / their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JESUS HERNANDEZ BARRIOS
COMM #1876755
NOTARY PUBLIC • CALIFORNIA
US ANGELES COUNTY
My Comm. Expires Jan 14, 2014

Notary Stamp

_____
Signature of Notary Public          License Number      Expires

# ANNEX I



TEMPO FINANCIAL HOLDINGS CORPORATION

SHARES 250

NUMBER 0

INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE

SERIES B CONVERTIBLE PREFERRED STOCK
PAR VALUE $.001 EACH

This Certifies that   Luis Reyes

registered holder of   Two Hundred Fifty (250) ------------------   is the
------------------   Shares

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this   3rd   day of   October   A.D. 2008

Carry Y. K. Chock, Secretary

Jeffrey Phaneuf, President

[SEE RESTRICTIVE LEGENDS ON REVERSE]

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAWS OF ANY STATE, AND MAY NOT BE SOLD, TRANSFERRED, PLEDGED, HYPOTHECATED OR OTHERWISE DISPOSED OF EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT AND APPLICABLE STATE SECURITIES LAWS OR PURSUANT TO AN APPLICABLE EXEMPTION TO THE REGISTRATION REQUIREMENTS OF SUCH ACT AND SUCH LAWS.

THE SECURITIES REPRESENTED HEREBY ARE SUBJECT TO THE TERMS OF THE FIRST AMENDED AND RESTATED STOCKHOLDERS' AGREEMENT DATED AS OF SEPTEMBER 4, 2008 AMONG THE ISSUER HEREOF AND CERTAIN OTHER PERSONS, AND THE FIRST AMENDED AND RESTATED REGISTRATION RIGHTS AGREEMENT DATED AS OF SEPTEMBER 4, 2008 AMONG THE ISSUER HEREOF AND CERTAIN OTHER PERSONS, OF WHICH A TRUE AND CORRECT COPY OF EACH IS ON FILE AT THE ISSUER'S CHIEF EXECUTIVE OFFICE. UPON WRITTEN REQUEST TO THE ISSUER, A COPY THEREOF WILL BE MAILED OR OTHERWISE PROVIDED WITHOUT CHARGE WITHIN TEN (10) DAYS OF RECEIPT OF SUCH REQUEST TO APPROPRIATELY INTERESTED PERSONS.

THE SECURITIES REPRESENTED HEREBY ARE ALSO SUBJECT TO CERTAIN AGREEMENTS SET FORTH IN A SUBSCRIPTION AGREEMENT, DATED AS OF SEPTEMBER 17, 2008, AS AMENDED AND MODIFIED FROM TIME TO TIME, BY AND AMONG THE ISSUER AND THE ORIGINAL HOLDER HEREOF, AND THE ISSUER RESERVES THE RIGHT TO REFUSE THE TRANSFER OF SUCH SECURITIES UNTIL SUCH CONDITIONS HAVE BEEN FULFILLED WITH RESPECT TO SUCH TRANSFER. A COPY OF SUCH CONDITIONS SHALL BE FURNISHED BY THE ISSUER TO THE HOLDER HEREOF UPON WRITTEN REQUEST AND WITHOUT CHARGE.

THE COMPANY WILL FURNISH WITHOUT CHARGE TO EACH STOCKHOLDER WHO SO REQUESTS THE POWERS, DESIGNATIONS, PREFERENCES AND RELATIVE, PARTICIPATING, OPTIONAL, OR OTHER SPECIAL RIGHTS OF EACH CLASS OF STOCK OR SERIES THEREOF AND THE QUALIFICATIONS, LIMITATIONS OR RESTRICTIONS (INCLUDING RESTRICTIONS ON TRANSFER) OF SUCH PREFERENCES AND/OR RIGHTS.

For Value Received, _____ hereby sell, assign and transfer unto _____

_____ Shares

represented by the within Certificate, and do hereby irrevocably constitute and appoint _____

_____ Attorney

to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.

Dated _____

In presence of _____

NOTICE: THE SIGNATURE OF THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE, IN EVERY PARTICULAR, WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATEVER.



The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | |
|---|---|
| TEN COM | - as tenants in common |
| TEN ENT | - as tenants by the entireties |
| JT TEN | - as joint tenants with right of survivorship and not as tenants in common |

UNIF TRANSFERS MIN ACT-..............Custodian ............
.........................................................(Cust) (Minor)
under Uniform Transfers to Minors
Act...................................................
(State)

Additional abbreviations may also be used though not in the above list

*For value received_____ hereby sell, assign and transfer unto*

**PLEASE INSERT SOCIAL SECURITY OR OTHER IDENTIFYING NUMBER OF ASSIGNEE**

(PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*_____ Shares represented by the within Certificate, and do hereby irrevocably constitute and appoint _____ Attorney to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.*

*Dated_____*

*In presence of*

NOTICE: THE SIGNATURE TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATEVER.

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAWS OF ANY STATE, AND MAY NOT BE SOLD, TRANSFERRED, PLEDGED, HYPOTHECATED OR OTHERWISE DISPOSED OF EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT AND APPLICABLE STATE SECURITIES LAWS OR PURSUANT TO AN APPLICABLE EXEMPTION TO THE REGISTRATION REQUIREMENTS OF SUCH ACT AND SUCH LAWS.

THE SECURITIES REPRESENTED HEREBY ARE SUBJECT TO THE TERMS OF THE STOCKHOLDERS' AGREEMENT DATED AS OF APRIL 10, 2008 AMONG THE ISSUER HEREOF AND CERTAIN OTHER PERSONS, AND THE REGISTRATION RIGHTS AGREEMENT DATED AS OF APRIL 10, 2008 AMONG THE ISSUER HEREOF AND CERTAIN OTHER PERSONS, OF WHICH A TRUE AND CORRECT COPY OF EACH IS ON FILE AT THE ISSUER'S CHIEF EXECUTIVE OFFICE. UPON WRITTEN REQUEST TO THE ISSUER, A COPY THEREOF WILL BE MAILED OR OTHERWISE PROVIDED WITHOUT CHARGE WITHIN TEN (10) DAYS OF RECEIPT OF SUCH REQUEST TO APPROPRIATELY INTERESTED PERSONS.

THE SECURITIES REPRESENTED HEREBY ARE ALSO SUBJECT TO CERTAIN AGREEMENTS SET FORTH IN A SUBSCRIPTION AGREEMENT, DATED AS OF MAY 20, 2008, AS AMENDED AND MODIFIED FROM TIME TO TIME, BY AND AMONG THE ISSUER AND THE ORIGINAL HOLDER HEREOF, AND THE ISSUER RESERVES THE RIGHT TO REFUSE THE TRANSFER OF SUCH SECURITIES UNTIL SUCH CONDITIONS HAVE BEEN FULFILLED WITH RESPECT TO SUCH TRANSFER. A COPY OF SUCH CONDITIONS SHALL BE FURNISHED BY THE ISSUER TO THE HOLDER HEREOF UPON WRITTEN REQUEST AND WITHOUT CHARGE.

THE SHARES REPRESENTED BY THIS CERTIFICATE ARE SUBJECT TO THE TERMS AND CONDITIONS OF A STOCKHOLDERS' AGREEMENT BY AND AMONG THE COMPANY AND CERTAIN STOCKHOLDERS OF THE COMPANY WHICH PLACES CERTAIN RESTRICTIONS ON THE TRANSFER AND VOTING OF THE SHARES. ANY PERSON TO WHOM SHARES REPRESENTED BY THIS CERTIFICATE, OR ANY INTEREST THEREIN, ARE TRANSFERRED SHALL BE DEEMED TO AGREE TO AND SHALL BECOME BOUND BY SUCH AGREEMENT. COPIES OF SUCH AGREEMENT MAY BE OBTAINED UPON WRITTEN REQUEST TO THE SECRETARY OF THE COMPANY.

THE COMPANY WILL FURNISH WITHOUT CHARGE TO EACH STOCKHOLDER WHO SO REQUESTS THE POWERS, DESIGNATIONS, PREFERENCES AND RELATIVE, PARTICIPATING, OPTIONAL, OR OTHER SPECIAL RIGHTS OF EACH CLASS OF STOCK OR SERIES THEREOF AND THE QUALIFICATIONS, LIMITATIONS OR RESTRICTIONS (INCLUDING RESTRICTIONS ON TRANSFER) OF SUCH PREFERENCES AND/OR RIGHTS.



NUMBER
23

SHARES
250

TEMPO FINANCIAL HOLDINGS CORPORATION

INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA

SERIES B CONVERTIBLE PREFERRED STOCK
PAR VALUE $0.01 EACH

[SEE RESTRICTIVE LEGENDS ON REVERSE]

This Certifies that  Luis Reyes

is the registered holder of  Two Hundred Fifty (250) ----------------------- Shares

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this  17th  day of  March  A.D. 2009

Cary Y. K. Hock, Secretary

Jeffrey Phaneuf, President

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAWS OF ANY STATE, AND MAY NOT BE SOLD, TRANSFERRED, PLEDGED, HYPOTHECATED OR OTHERWISE DISPOSED OF EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT AND APPLICABLE STATE SECURITIES LAWS OR PURSUANT TO AN APPLICABLE EXEMPTION TO THE REGISTRATION REQUIREMENTS OF SUCH ACT AND SUCH LAWS.

THE SECURITIES REPRESENTED HEREBY ARE SUBJECT TO THE TERMS OF THE FIRST AMENDED AND RESTATED STOCKHOLDERS' AGREEMENT DATED AS OF SEPTEMBER 4, 2008 AMONG THE ISSUER HEREOF AND CERTAIN OTHER PERSONS, AND THE FIRST AMENDED AND RESTATED REGISTRATION RIGHTS AGREEMENT DATED AS OF SEPTEMBER 4, 2008 AMONG THE ISSUER HEREOF AND CERTAIN OTHER PERSONS, OF WHICH A TRUE AND CORRECT COPY OF EACH IS ON FILE AT THE ISSUER'S CHIEF EXECUTIVE OFFICE. UPON WRITTEN REQUEST TO THE ISSUER, A COPY THEREOF WILL BE MAILED OR OTHERWISE PROVIDED WITHOUT CHARGE WITHIN TEN (10) DAYS OF RECEIPT OF SUCH REQUEST TO APPROPRIATELY INTERESTED PERSONS.

THE SECURITIES REPRESENTED HEREBY ARE ALSO SUBJECT TO CERTAIN AGREEMENTS SET FORTH IN A SUBSCRIPTION AGREEMENT, DATED AS OF MARCH 17, 2009, AS AMENDED AND MODIFIED FROM TIME TO TIME, BY AND AMONG THE ISSUER AND THE ORIGINAL HOLDER HEREOF, AND THE ISSUER RESERVES THE RIGHT TO REFUSE THE TRANSFER OF SUCH SECURITIES UNTIL SUCH CONDITIONS HAVE BEEN FULFILLED WITH RESPECT TO SUCH TRANSFER. A COPY OF SUCH CONDITIONS SHALL BE FURNISHED BY THE ISSUER TO THE HOLDER HEREOF UPON WRITTEN REQUEST AND WITHOUT CHARGE.

THE COMPANY WILL FURNISH WITHOUT CHARGE TO EACH STOCKHOLDER WHO SO REQUESTS THE POWERS, DESIGNATIONS, PREFERENCES AND RELATIVE, PARTICIPATING, OPTIONAL, OR OTHER SPECIAL RIGHTS OF EACH CLASS OF STOCK OR SERIES THEREOF AND THE QUALIFICATIONS, LIMITATIONS OR RESTRICTIONS (INCLUDING RESTRICTIONS ON TRANSFER) OF SUCH PREFERENCES AND/OR RIGHTS.

For Value Received, _____ hereby sell, assign and transfer unto _____. _____ Shares represented by the within Certificate, and do hereby irrevocably constitute and appoint _____ Attorney to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.

Dated _____ 20 _____

In presence of

NOTICE: THE SIGNATURE OF THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE, IN EVERY PARTICULAR, WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATEVER.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | |
|---|---|
| LUIS FERNANDO REYES | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| TEMPO FINANCIAL HOLDINGS CORPORATION | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    TEMPO FINANCIAL HOLDINGS CORPORATION
7935 E. Prentice Avenue, Suite 300w,
Greenwood Village, CO 80111

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    James A. Dumas
Dumas & Associates
3435 Wilshire Boulevard, Suite 990
Los Angeles, CA 90010

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: