IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01704-RPM

LUIS FERNANDO REYES,

    Plaintiff,

v.

TEMPO FINANCIAL HOLDINGS CORPORATION,

    Defendant.

---

## STIPULATED CONFIDENTAILITY AGREEMENT
## AND PROTECTIVE ORDER

---

Pursuant to Minute Order and the Scheduling Conference on October 17, 2013 and Federal Rule of Civil Procedure 26(c), Plaintiff Luis Fernando Reyes ("Reyes") and Defendant Tempo Financial Holdings Corporation ("Tempo") (referred to herein individually as "the Party," and collectively as "the Parties") move for an entry of a Stipulated Confidentiality Agreement and Protective Order, whereby the Parties have agreed to produce certain confidential business and financial records and other confidential information (collectively "Confidential and Proprietary Information"), subject to the terms of this Order. As grounds therefore, the Parties state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential and Proprietary Information (as defined in Paragraph 2 below).[1] The Parties assert the disclosure of such Confidential and Proprietary Information outside the scope of this litigation could result in

---

[1] By entering into this Stipulated Confidentiality Agreement and Protective Order, Tempo is not waiving its denial of Plaintiff's stockholder status, or any arguments that the U.S. District Court of Colorado lacks subject matter jurisdiction to enforce the provisions of Delaware Code § 220.

significant injury to one or more of the Parties' business and/or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential and Proprietary Information except as set forth herein.

2. "Confidential and Proprietary Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, email, electronic document or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in Paragraph 3 below as containing (a) personal and/or financial information relating to a Party and non-parties; (b) detailed financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (c) trade secret information as defined under state or federal law; and (d) other competitive information relating to a Party that is not otherwise publicly available.

3. The confidential treatment of Confidential and Proprietary Information, as provided below, may be claimed by either Party for documents, information and/or any portion or summary thereof produced by that Party to the other Party falling into the categories listed above during pretrial discovery in this lawsuit. The Party claiming a document or information is Confidential and Proprietary Information shall designate it in the following manner:

a. By imprinting the word "CONFIDENTIAL" on the pages of any document produced;

b. By imprinting the word "CONFIDENTIAL: ATTORNEY EYES ONLY," or "CONFIDENTIAL: FOR COUNSEL ONLY" on the face of any document the party believes should be treated as confidential by the attorneys in this matter;

      c.    It is sufficient to stamp "CONFIDENTIAL" or. "CONFIDENTIAL: ATTORNEY EYES ONLY" on the first page of a multi page document along with the wording "IN ITS ENTIRETY" to designate the entire document as confidential.

4.    All Confidential and Proprietary Information provided by a Party or in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of **Exhibit A** has been signed.

5.    Individuals authorized to review Confidential and Proprietary Information pursuant to this Protective Order shall hold the Confidential and Proprietary Information in confidence and shall not divulge the Confidential and Proprietary Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.    The Party's counsel who discloses Confidential and Proprietary Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential and Proprietary Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential and Proprietary Information, and shall maintain a list of all persons to whom any Confidential and Proprietary Information is disclosed.

7.    During the pendency of this action, a Party may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to Paragraph 6 above, upon a showing of substantial need, in order to establish the source of an unauthorized disclosure of Confidential and

Proprietary Information and that the Party is unable otherwise to identify the source of the disclosure. If the Parties disagree, upon showing of substantial need, then a Party may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential and Proprietary Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential and Proprietary Information, and copies made there from pursuant to Paragraph 8 above.

10. If a Party objects to the designation of certain information as Confidential and Proprietary Information, counsel shall promptly inform the other Party's counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, the Parties are unable to resolve their dispute, counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential and Proprietary Information status from the time it is produced until the ruling by the Court on the motion.

11. Use of Confidential and Proprietary Information in Court Proceedings: In the event Confidential and Proprietary Information is used in any court filing or proceeding in this action, including but not limited to deposition and/or its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential and Proprietary Information and pleadings or briefs quoting or discussing Confidential and Proprietary Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion

requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential and Proprietary Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve the Parties or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential and Proprietary Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential and Proprietary Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made there from. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential and Proprietary Information which counsel shall have maintained pursuant to Paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential and Proprietary Information has been destroyed. **The termination of this case shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential and Proprietary Information pursuant to this Protective Order.**

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential and Proprietary Information shall be treated at trial.

DATED this 22 day of November, 2013.

BY the COURT:

_____
Senior District Judge Richard P. Matsch
UNITED STATES DISTRICT COURT

STIPULATED & AGREED BY:

_____
James A. Dumas
DUMAS & ASSOCIATES
3435 Wilshire Boulevard, Suite 990
Los Angeles, CA 90010
213-368-5000

*Attorney for Plaintiff*

_____
Scott L. Evans
Danielle T. Felder
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, CO 80202
303-623-1800

*Attorneys for Defendant*

# EXHIBIT A

## AFFIDAVIT

STATE OF _____ )
)
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the **Stipulated Confidentiality Agreement and Protective Order** entered in Luis Fernando Reyes v. Tempo Financial Holdings Corp., civil action no. 1:13-cv-01704-RPM (the "Litigation"), a copy of which is attached to this Affidavit.

2. I have been informed by _____, counsel for _____, that the materials designated as "Confidential" contain Confidential and Proprietary Information as defined by the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential and Proprietary Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential and Proprietary Information for any purpose other than for this Litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the Litigation.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type)

_____

_____
Address

_____
Telephone Number

{01163334 / 1}